# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JAMES KANEALII MULLER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> J.C. ZUERCHER, ) <br> ) <br> Respondent. ) | No. 07-cv-1142 |

## O P I N I O N  &  O R D E R

Before the Court is a Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2241.  For the reasons set out below, the Petition is DENIED.

### BACKGROUND

The Court set out the relevant facts of this case in its Order of January 3, 2008.  They are worth repeating here.  Petitioner is currently incarcerated at the Federal Correction Institution in Pekin, Illinois.  In 1985, following a jury trial, Petitioner was sentenced in the U.S. District Court for the District of Hawaii for various offenses that occurred on the high seas.  The sentences relevant to this Petition include: (1) a life sentence for felony murder in violation of 18 U.S.C. § 1111; and (2) a consecutive five-year sentence for using and carrying a firearm during the commission of crimes of violence in violation of 18 U.S.C. § 924(c).

Because the offenses in question occurred before November 1, 1987, Petitioner is eligible for parole under the Parole Commission and Reorganization Act, 18 U.S.C. §§ 4201-4218 (1984); Benny v. United States Parole Commission, 295

F.3d 977, 981 (9th Cir. 2002). Parole eligibility applies to each of Petitioner's sentences, except the § 924(c) sentence.[1]

At the time Petitioner was sentenced, the BOP had a policy in place whereby a § 924(c) sentence was to be served first, regardless of the specifications in the commitment order. As a result, Petitioner was made to serve his 924(c) non-parolable term first, even though the sentencing court's commitment order prescribed otherwise. Under this ordering, after the completion of his five-year term, Petitioner was to begin his life sentence. And ten years into the life sentence Petitioner would be eligible for parole.

In 1997, however, the Supreme Court issued a decision in United States v. Gonzales, 520 U.S. 1 (1997), which affected the BOP's method of calculating the parole eligibility date of a 924(c) sentence. Specifically, the Supreme Court held that nothing in the plain language of the statute required that a § 924(c) sentence always be served first. According to Respondent, in light of Gonzalez, the BOP changed its policy and began re-computing sentences.

In March of 1998, the BOP re-computed Petitioner's sentences, putting his life sentence before his § 924(c) sentence. Based upon that re-computation, Petitioner could have been paroled to his § 924(c) sentence in 1995, two years before Gonzales. In other words, based upon the re-computation, if the Parole Commission had felt that Petitioner was eligible for parole in 1995, he would have been paroled.

---

[1] At the time of the offense, 18 U.S.C. § 924(c) required a court to impose a five-year term of imprisonment that could not run concurrently to any other term of imprisonment. The statute also stated, "[n]o person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein."

If Petitioner was paroled, he could have begun serving his § 924(c) sentence in 1995, and he could have been released on parole after serving that five-year sentence.

However, on January 20, 1998, before the order of Petitioner's sentences was swapped in light of Gonzalez, the Parole Commission issued a Notice of Action regarding Petitioner's parole eligibility. The Notice stated that, due to the aggravating violent circumstance of Petitioner's underlying crime as well as several infractions which occurred while in prison, Petitioner's eligibility for parole was continued—or delayed—for fifteen years, until 2013. Petitioner appealed the Parole Commission's Notice of Action numerous times and the decision was affirmed in 1998, 2000, 2002, 2004, and 2006. Petitioner now asks this Court to order his release from confinement.

## LEGAL STANDARD

In order for a court to grant relief under 28 U.S.C. § 2241, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21 (1975). Federal prisoners are required to exhaust their administrative remedies before bringing section 2241 petitions challenging the execution of their sentences. See Jackson v. Carlson, 707 F.2d 943, 949 (7th Cir. 1983).

## ANALYSIS

On January 3, 2008, the Court ordered the parties to submit additional briefing in this case. The Court noted that there were two possible claims that Petitioner could be asserting: (1) that the BOP's decision to order Petitioner's sentences

3

differently than set forth in the sentencing court's commitment order resulted in a constitutional violation and (2) that the Parole Commission's decision to give Petitioner a fifteen-year parole reconsideration date violated the Constitution. At the time of the January 3 Order, it was clear to the Court that Petitioner had not exhausted administrative remedies as to the "reordering" claim. The correctness of that finding is equally as clear today. Further, today, the Court finds that Petitioner's second possible claim, based on the Parole Commission's decision to set a parole eligibility hearing in 2013, has no merit.

    I.    <u>BOP's Decision to Order Petitioner's Sentences Differently than Set Forth in the Sentencing Court's Commitment Order</u>

Petitioner contends that because he is challenging the duration of his confinement and not the conditions of his confinement, the doctrine of exhaustion of remedies is inapplicable. Accordingly, argues Petitioner, his reordering claim is properly before the Court regardless of whether BOP remedies were exhausted. Petitioner is incorrect. The exhaustion doctrine does apply to section 2241 habeas petitions.

Petitioner cites to <u>Walker v. O'Brien</u>, 216 F.3d 626 (7th Cir. 2000) for the proposition that the exhaustion doctrine is inapplicable when a prisoner is challenging the duration of his confinement. Petitioner misreads the case. <u>Walker</u> held that the Prisoner Litigation Reform Act (PLRA), which includes a statutory exhaustion requirement, does not apply to federal habeas petitions. Contrary to Petitioner's reading of the case, <u>Walker</u> did not hold that section 2241 habeas petitions are free from any exhaustion requirement. In fact, a common law

4

exhaustion of administrative remedies requirement does apply to habeas petitions under section 2241 even though the PLRA's statutory exhaustion requirement does not. Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004).

An inmate who wishes to challenge the BOP's ordering of his multiple sentences must complete the following administrative steps: (1) attempt an informal resolution with staff at the facility where the inmate is incarcerated; (2) if the inmate cannot resolve the claim informally, the inmate may file a formal request for an administrative remedy with the warden; (3) if the petitioner is not satisfied with the warden's response, he may appeal to the Regional Director within 20 days of the warden's decision; (4) if the petitioner is unsatisfied with the Regional Director's decision, he may appeal to the General Counsel within 30 days of the Regional Director's decision. See 28 C.F.R. §§ 542.13 through 542.15. Once an inmate has taken his claim to the General Counsel, the inmate has exhausted administrative remedies as to that claim.

As the Court indicated in its January 3, 2008 Order, Petitioner has not produced evidence showing that he has exhausted administrative remedies with respect to his claim that the BOP unconstitutionally reordered his sentences. Respondent, on the other hand, has produced evidence showing that Petitioner filed an administrative remedy at the institutional level but did not appeal the decision to the Regional Director. (Resp. App'x at p. 5) Petitioner seems to assert that he has exhausted administrative remedies via a route alternative to the procedure described above. The Court squarely rejects that contention. The exhaustion of

5

administrative remedies requirement means that an inmate must proceed through the administrative remedial scheme that has been established to handle his type of claim, and that he must do so properly. Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). Petitioner has failed to advance his reordering claim properly through the BOP's administrative scheme and, as such, has not exhausted his administrative remedies.

II. Parole Commission's Decision to Give Petitioner a Fifteen-Year Reconsideration Date

Respondent's supplemental brief indicates that Petitioner may, in fact, have exhausted his administrative remedies with respect the Parole Commission's January 30, 1998 decision to continue Petitioner's parole eligibility for fifteen years.[2] However, it is of no instance because the Court is satisfied that the Commission's decision did not result in the violation of a constitutional right.

In its January 3, 2008 Order, the Court indicated a concern with the fact that the Commission determined the date of Petitioner's parole reconsideration hearing before the BOP switched the order of Petitioner's sentences in March 1998. Specifically, the Court was concerned that the Commission may not have been aware that Petitioner's sentences were due to be re-computed when the reconsideration date was set. The Court envisioned a scenario in which, had the Commission known that Petitioner's sentences were to be re-computed in light of

---

[2] Specifically, Respondent notes that Petitioner appealed the Commission's parole eligibility decision to the National Appeals Board on February 10, 1998. It is, however, unclear whether Petitioner challenged the Commission's decision on the same basis as Petitioner challenges that decision in this Court.

6

Gonzalez, the Commission's decision as to Petitioner's parole eligibility would have been different. The Court noted that the Commission's possible lack of awareness as to the pending BOP re-computation of Petitioner's sentences ran the risk of producing a mistaken and arbitrary decision as to Petitioner's parole eligibility date.

After reviewing all the evidence, including the parties' supplemental briefs, the Court is satisfied that, had the Commission known on January 30, 2008 that Petitioner's sentences were to be re-computed, the Commission would not have changed its decision to deny parole and to set a reconsideration hearing for 2013. The Court makes this finding based on the subsequent affirmations of the Commission's January 30, 1998 decision. As Respondent's supplemental brief makes clear, the National Appeals Board affirmed the Commission's decision on May 1, 1998. In addition, the Commission reaffirmed its own decision in 2000, 2002, 2004, and 2006. Each of these affirmations, quite obviously, came after Petitioner's sentences were re-computed in March 1998 in light of the Gonzalez decision. Therefore, the fact that Petitioner's sentences were re-computed was information readily available and accessible to the Commission and Appeals Board at the time those bodies affirmed the Commission's January 30, 1998 decision. Yet that information appears to have had no effect upon the initial decision to set a parole reconsideration hearing in 2013. Further, the subsequent affirmations of the Commissions January 30, 1998 decision also lead to the conclusion that, had

7

Petitioner been afforded a parole hearing when he requested one in 1995, he would have been denied parole.

There is no constitutional right to parole. <u>Heidelberg v. Illinois Prisoner Review Board</u>, 163 F.3d 1025, 1026 (7th Cir. 1998). Petitioner did, however, have the right to a rationally-based decision by the Commission regarding parole. See <u>Thomas v. Brennan</u>, 961 F.2d 612, 619 (7th Cir. 1992). The Court finds that the Commission's decision to continue Petitioner to a fifteen-year reconsideration hearing in 2013 was rationally based upon the aggravating violent circumstances of Petitioner's underlying crime, as well as Petitioner's several infractions while in prison. (Resp. App'x at p. 15) Accordingly, Petitioner's claim is without merit.

## CONCLUSION

The instant Petition for the Writ of Habeas Corpus under 28 U.S.C § 2241 is DENIED. Petitioner's reordering claim, specifically, is denied without prejudice. Petitioner's claim regarding the Parole Commission's determination of his parole eligibility is rejected on the merits.

CASE TERMINATED.

Entered this <u>17th</u> day of November, 2008.

s/ Joe B. McDade
JOE BILLY MCDADE
United States District Judge
